IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *ex rel* **WILLIAM LYLES**,<br><br>    Plaintiff,<br><br> v.<br><br>**MIKE ATCHISON, Warden, Menard Correctional Center**,<br><br>    Defendant. | Case NO. 12 C 2099<br><br>Hon. Harry D. Leinenweber |

                     **MEMORANDUM OPINION AND ORDER**

  Before the Court is William Lyles' (hereinafter, "Lyles" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the Petition is denied and the Court declines to issue a Writ on any of the issues raised in the petition.

                           **I. BACKGROUND**

  On March 5, 2004, a Cook County jury found Petitioner guilty of first degree murder for shooting and killing Bobby Roberts. On April 5, 2004, the trial judge sentenced Petitioner to a twenty-three-year term of incarceration on the first degree murder conviction and a consecutive twenty-five year term of incarceration enhancement for discharging a firearm that caused the death of another person pursuant to 730 ILCS 5/5-8-1(a)(d)(iii). Petitioner

is currently serving his forty-eight-year sentence at the Menard Correctional Center in Menard, Illinois.

In the instant Petition, Lyles seeks a Writ of Habeas Corpus on the following six grounds: (1) his due process rights were violated because one of the jurors in his murder trial expressed uncertainty regarding the guilty verdict, and trial counsel was ineffective for failing to object; (2) appellate counsel was ineffective for failing to argue on direct appeal that the trial court should have granted petitioner's motion to quash arrest; (3) his Fourth Amendment rights were violated when officers detained him for more than forty-eight hours without a probable cause hearing, and his confession should have been suppressed on that basis; (4) trial counsel was ineffective for failing to impeach officers at the suppression hearing with police reports; (5) appellate counsel was ineffective for failing to raise the prior two arguments (Claims (3) and (4)) on direct appeal; and (6) his due process rights were violated by prosecutorial error during the opening statement and closing argument.

Under 28 U.S.C. § 2254(e)(1), the Court presumes that the state court's factual determinations are correct for purposes of habeas review. The facts relevant to Lyles' petition follow. On November 18, 2001, Petitioner shot and killed Bobby Roberts, a rival gang member, outside a video store at 51st Street and Wood in

Chicago. The shooting occurred in front of Roberts' mother, Luwanda Smith ("Smith"), and two other women.

During Lyles' trial, Smith and one of the other women identified Petitioner as the shooter. The mother of two of Petitioner's children, Sheree Murdock ("Murdock"), also testified and said that Petitioner told her that he killed someone in front of the video store on November 18, 2001.

After the jury returned a guilty verdict, the trial judge polled the jurors. The following colloquy occurred with juror Ralph Buford ("Buford"):

> "CLERK: Ralph Buford, was it then and is it now your verdict?
> BUFORD: I'm slow about answering because I didn't agree. I had to agree because it was ten against two. That's the way it was.
> COURT: All right. Is this your verdict though?
> BUFORD: Yes."

After polling the remaining jurors, the trial judge returned to Buford and had the following colloquy:

> "COURT: Just one -- you said that this is your verdict, is that correct now?
> BUFORD: I have no choice.
> COURT: All right. But nobody forced you to make that verdict?
> BUFORD: We would be here all night.
> COURT: Sir, what I'm asking you, did anybody force you --
> BUFORD: No.
> COURT: -- to make that verdict?
> BUFORD: No."

Petitioner's post-trial motion seeking a new trial was denied. The state appellate court denied Petitioner's direct appeal, and the

- 3 -

Illinois Supreme Court denied his Petition for Leave to Appeal (the "PLA"). Thereafter, Petitioner filed a *pro se* post-conviction petition, and appointed counsel filed an amended post-conviction petition. The trial court dismissed the amended post-conviction petition on January 6, 2010. Petitioner appealed that dismissal, but his appointed counsel was granted leave to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The Illinois Supreme Court denied his post-conviction PLA, and Petitioner filed the instant *habeas* petition.

## II. **LEGAL STANDARD**

28 U.S.C. § 2254 limits the ability of federal courts to grant habeas relief to state prisoners. In order to present a viable claim for federal habeas review, Petitioner must establish that he (1) exhausted all applicable state court remedies and (2) his claims are not procedurally defaulted. *See* 28 U.S.C. § 2254(b). Respondent concedes that Petitioner has exhausted all available state court remedies, but argues that Claims 4, 6 and a portion of Claim 5 were procedurally defaulted.

A federal court is precluded from reaching the merits of a claim in a § 2254 petition based on procedural default if the claim "was presented to the state courts and the state court ruling against the petitioner rests on adequate and independent state-law procedural grounds," or the claim "was not presented to the state courts and it is clear that those courts would now hold the claim

procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 & n. 1 (1991). "Thus, when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.* There is a limited equitable exception to a procedural default if the petitioner can demonstrate that an external impediment blocked him from asserting his federal claim in the state court and actual prejudice resulted. *Perruquet,* 390 F.3d at 514-15.

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), a petitioner is entitled to habeas relief when a decision of the state court is 'contrary to' or 'an unreasonable application of' clearly established federal law as determined by the United States Supreme Court." *Burr v. Pollard*, 546 F.3d 828, 2008 WL 4569900 at *2 (7th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). "A decision is 'contrary to' Supreme Court precedent when it relies on a rule that conflicts with that precedent or reaches a different result in a similar case." *Burr*, 546 F.3d 828, 2008 WL 4569900 at *2. "A state court unreasonably applies clearly established law if it 'identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case.'" *Burr*, 546 F.3d

828, 2008 WL 4569900 at *2 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Error alone is not sufficient. *Burr*, 546 F.3d 828, 2008 WL 4569900 at *2. The state court's decision must be "objectively unreasonable." *Id*.

### III. ANALYSIS

#### A. Claims 4, 6 and a portion of Claim 5

Respondent argues that Petitioner procedurally defaulted Claims 4, 6 and a portion of Claim 5. Petitioner raised Claim 6, that his due process rights were violated by prosecutorial error during the opening statement and closing argument in his criminal trial, on direct appeal. However, Petitioner did not raise that argument in his PLA to the Illinois Supreme Court. Because Petitioner failed to raise this issue in a full round of appellate review, it is procedurally defaulted. *Smith v. McKee*, 598 F.3d 374, 383 (7th Cir. 2010) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46, 119 S.Ct. 1728 (1999)).

Further, Petitioner cannot cure this procedural default because he has not shown good cause for the default, actual prejudice from the alleged error, or that failure to consider this claim will result in a fundamental miscarriage of justice. *See Coleman v. Thomson*, 501 U.S. 722, 750 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Accordingly, Claim 6 is denied.

In Claim 4, Petitioner argues that his trial counsel was ineffective for failing to impeach officers at the suppression

hearing with police reports.  Petitioner further argues in Claim 5 that his appellate counsel was ineffective for failing to raise this issue on direct appeal.

Petitioner did not raise either of these issues in his post-conviction petition, or in his objection to his post-conviction appellate counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987).  Petitioner did raise these issues in his post-conviction PLA, however, as the Court stated above, claims are procedurally defaulted if they are not raised in a full round of appellate review.  *Smith v. McKee*, 598 F.3d 374, 383 (7th Cir. 2010) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46, 119 S.Ct. 1728(1999)); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (holding that *Boerckel* applies with equal force to the state post-conviction process).  Additionally, Petitioner has not shown good cause for the default, actual prejudice from the alleged error, or that failure to consider these claims will result in a fundamental miscarriage of justice.  *See Coleman v. Thomson*, 501 U.S. 722, 750 (1991); *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).  Accordingly, Claim 4 and the portion of Claim 5 related to Claim 4 are denied.

### B. Claim 1

The Court will address Petitioner's remaining claims, Claims 1, 2, 3, and the portion of Claim 5 related to Claim 3, on the merits.  In Claim 1, Petitioner argues that his due process

rights were violated because juror Buford, when polled, expressed uncertainty regarding the guilty verdict, rendering the verdict not unanimous. Petitioner further argues that his trial counsel was ineffective for failing to object to the non-unanimous verdict.

"[A] state criminal defendant, at least in noncapital cases, has no federal right to a unanimous jury verdict[.]" *Schad v. Arizona*, 501 U.S. 624, 634 n.5 (1991) (citing *Johnson v. Louisiana*, 406 U.S. 356, 359-62 (1972)). Further, "only noncompliance with federal law renders a State's criminal judgment susceptible to collateral attack in federal courts." *Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2010) (per curiam). Because Petitioner does not have a federal Constitutional right to a unanimous jury verdict, he cannot show that the state court's resolution of this claim was contrary to or an unreasonable application of "clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d).

Petitioner also cannot establish that his trial counsel was ineffective for failing to object to the unanimity of the jury verdict. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness, and that but for counsel's deficient performance, there was a reasonable probability of a different result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008). When considering an ineffective assistance of

counsel claim on habeas review, this Court must not only defer to counsel's reasonable choices, but also to the state court's evaluation of the issue. *Winston v. Boatwright*, 649 F.3d 618, 625 (7th Cir. 2011).

"Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Knowles v. Mizrayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009) (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). "For the second element, [Petitioner] must show that 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007)(quoting *Strickland*, 466 U.S. at 687).

When juror Buford expressed uncertainty regarding the guilty verdict during polling, the trial judge questioned him thoroughly. There is nothing in the record before this Court that suggests that an objection from trial counsel regarding that issue would have led to further questioning. The state appellate court conducted a fourteen-page analysis of whether the criminal verdict was unanimous and concluded that the trial judge's finding of unanimity

was reasonable. Petitioner cannot establish either deficient performance or prejudice stemming from trial counsel's decision not to object to the verdict. Accordingly, Claim 1 is denied.

### C. Claim 2

In Claim 2, Petitioner argues that his appellate counsel was ineffective for failing to argue on direct appeal that the trial court should have granted his motion to quash the arrest. Claims of ineffective assistance of appellate counsel are subject to the same standard as those challenging trial counsel. *See Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004); *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). Appellate counsel "is not required to raise every non-frivolous issue on appeal." *Martin*, 384 F.3d at 852. To prevail on an ineffective assistance of appellate counsel, Petitioner must show that appellate counsel "fail[ed] to argue an issue that is both obvious and clearly stronger than the issues raised." *Id*. at 851. Petitioner must also demonstrate a reasonable probability that, but for his attorney's deficient performance, the result of the appeal would have been different. *Suggs*, 513 F.3d 675, 678.

Resolution of the motion to quash arrest was based on a credibility determination by the trial court. Credibility determinations are particularly difficult to reverse on appeal. *See, e.g., People v. Richardson*, 917 N.E.2d 501, 512 (Ill. 2009) ("[f]indings of fact and credibility determinations made by the

circuit court are accorded great deference and will be reversed only if they are against the manifest weight of the evidence"). The trial court's denial of the motion to quash arrest was not clearly stronger than the other issues raised on direct appeal. Further, Petitioner has not demonstrated a reasonable probability that his direct appeal would have been granted if it included this issue. Accordingly, Petitioner has not established that his appellate counsel was ineffective and Claim 2 is denied.

### D. Claim 3 and the Remaining Portion of Claim 5

In Claim 3, Petitioner argues that his Fourth Amendment rights were violated when officers detained him for more than forty-eight hours without a probable cause hearing, and his confession should have been suppressed on that basis. In the remaining portion of Claim 5, Petitioner argues that his appellate counsel was ineffective for failing to raise Claim 3 on direct appeal.

"As long as a habeas petitioner enjoyed an 'opportunity for full and fair litigation of a Fourth Amendment claim' in state court, federal habeas review of the claim is barred." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008) (quoting *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)). Even though the state court found that Petitioner was not detained for more than forty-eight hours without a probable cause hearing, according to the record in this case, Petitioner had the opportunity to fully and fairly

litigate the issue. Therefore, habeas review of the issue is barred under *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)).

Further, even if Petitioner had experienced an unconstitutional delay in receiving a probable cause hearing, the remedy is not suppression of his confession. *See Lawhorn v. Allen*, 519 F.3d 1272, 1292 (11th Cir. 2008) (remedy for unlawful detention was not suppression of evidence); *United States v. Fullerton*, 187 F.3d 587, 592 (6th Cir. 1999) (remedy for delay in probable cause determination was Section 1983 claim, not suppression of evidence). For these reasons, Claim 3 is denied.

Similar to Claim 2, Petitioner's appellate counsel was not ineffective for failing to raise this issue on direct appeal. The timing and circumstances of Petitioner's detention were credibility determinations, and as discussed above, would have been particularly difficult to reverse on appeal. Further, this issue was not clearly stronger than the other issues raised on direct appeal, and Petitioner has not demonstrated a reasonable probability that his direct appeal would have been granted if it included this issue. Accordingly, Petitioner has not established that his appellate counsel was ineffective and the remaining portion of Claim 5 is denied.

## IV. **CERTIFICATE OF APPEALABILITY**

In order to obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of [a]

constitutional right." 28 U.S.C. § 2253(c)(2). Specifically, Petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (Ripple, J. in chambers) (citations omitted).

The claims raised in the instant petition do not deserve encouragement to proceed further and would not garner debate between reasonable jurists as to whether they should have been resolved differently. Accordingly, Petitioner has not made a substantial showing that his constitutional rights were denied and his request for a certificate of appealability is denied.

## V. CONCLUSION

For the reasons stated herein, the Petition is denied and the Court declines to issue a Writ on any of the issues raised in the petition. The request for a Certificate of Appealability is also denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 1/31/2013